**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:16-MC-62810-ALTONAGA/AUGUSTIN-BIRCH**

**CHASE BANK USA, N.A.,**

**Plaintiff,**

**v.**

**EDWARD CHERRY,**

**Defendant.**
______________________________________/

**ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Chief United States District Judge Cecilia M. Altonaga referred this case to the undersigned United States Magistrate Judge to take all necessary and proper action as required by law. ECF No. 18. The case now comes before the Court on Defendant Edward Cherry's Motion to Quash Subpoena or, in the Alternative, for Protective Order. The Motion is briefed at docket entries 14 and 17. The Court held a hearing on the Motion on September 14, 2026. Having considered the briefing, the parties' arguments during the hearing, and the record, the Motion is **DENIED**.

## I. Background

In 2016, Plaintiff Chase Bank USA, N.A. obtained a judgment against Defendant in the District of Delaware in the amount of $47,674,813.90. ECF No. 1. Plaintiff registered the judgment in this district in November of 2016. Defendant now moves to quash a subpoena Plaintiff served on Ferrari of Fort Lauderdale (the "Ferrari subpoena") as part of Plaintiff's discovery in aid

of execution of the judgment. ECF No. 14; *see id.* at 9–14 (screenshots of subpoena documents). Alternatively, Defendant moves for a protective order.

## II. Post-Judgment Discovery Standard

"In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The scope of post-judgment discovery under Rule 69(a)(2) is very broad." *PowerSecure, Inc. v. Trusted Transformer Enter. Sols., LLC*, No. 25-CV-60871, 2026 WL 1984334, at *1 (S.D. Fla. July 9, 2026). The scope of discovery "is constrained principally in that it must be calculated to assist in collecting the judgment." *Ghanan, LLC v. Palm Steak House, LLC*, No. 12-80762-Civ, 2021 WL 7540810, at *1 (S.D. Fla. June 7, 2021) (quotation marks omitted). "The presumption is in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment." *Id.*

The judgment creditor must also "be given the freedom to make a broad inquiry to discover[] hidden or concealed assets of the judgment debtor." *Fuller v. Carollo*, No. 1:18-cv-24190, 2024 WL 3838521, at *2 (S.D. Fla. Apr. 12, 2024) (quotation marks omitted). The creditor has the right to discover "assets that the debtor might have recently transferred." *Id.* (quotation marks omitted).

A "nonparty may be subject to postjudgment discovery where the judgment creditor can provide a good reason and close link between the unrelated entity and the judgment debtor." *Id.* (quotation marks omitted). "Good reason is shown by laying the proper predicate for the discovery request." *Id.* (quotation marks omitted). "Furthermore, it should be beyond question that a judgment creditor is allowed to ask a judgment debtor for asset and financial information

relating to the debtor's spouse or other family members." *Id.* (quotation marks omitted). "All assets (whether held individually or jointly) are relevant to collecting the debt owed." *In re Bavelis*, No. 17-cv-61269, 2020 WL 4003496, at *2 (S.D. Fla. July 15, 2020) (alteration and quotation marks omitted).

**III. Analysis**

Before delving into the substance of the Ferrari subpoena, the Court addresses two preliminary issues: Defendant's standing to challenge the Ferrari subpoena and Plaintiff's pre-service notice of the Ferrari subpoena. With respect to the first preliminary issue, Plaintiff contends that Defendant lacks standing to challenge a subpoena issued to a third party. Plaintiff further contends that, to the extent the Ferrari subpoena compels Ferrari of Fort Lauderdale to produce information about entities and about individuals who are not Defendant, Defendant lacks standing to challenge those portions of the Ferrari subpoena.

"Generally, an individual does not have standing to challenge a subpoena served on another, unless that individual has a personal right or privilege with respect to the subject matter of the subpoena." *Barrington v. Mortg. It, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *1 (S.D. Fla. Dec. 10, 2007). But "courts in the Eleventh Circuit have repeatedly held that a party may challenge a subpoena directed at a nonparty if the subpoena requests irrelevant information." *Bush Truck Leasing, Inc. v. Off. Depot, Inc.*, No. 11-80026-CIV, 2011 WL 13228102, at *3 (S.D. Fla. May 9, 2011). The party may make such a challenge by moving for a protective order under Federal Rule of Civil Procedure 26(c)(1). *Id.*; *see* Fed. R. Civ. P. 26(c)(1) (permitting a party or person from whom discovery is sought to move for a protective order to protect the party or person "from annoyance, embarrassment, oppression, or undue burden or expense"). Courts have construed motions to quash or modify subpoenas as motions for a protective order under

Rule 26(c)(1). *E.g., Psychic Readers Network, Inc. v. Take-Two Interactive Software, Inc.*, No. 17-61492-CIV, 2018 WL 7048217, at *2 (S.D. Fla. Oct. 1, 2018) ("Although Defendants lack standing to quash the subpoenas, they may move for a protective order under Rule 26 on grounds of relevance."); *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-Civ, 2008 WL 5049277, at *3 (S.D. Fla. Nov. 25, 2008) ("Though Defendants lack standing to quash the subpoenas . . . the Court construes their Motion as also seeking a protective order under Rule 26 on grounds that the subpoenas are overbroad and seek irrelevant information. As parties, Defendants have standing to seek such relief.").

Here, Defendant asks for a protective order in the alternative to an order quashing the Ferrari subpoena. The basis of Defendant's challenge to the Ferrari subpoena is his assertion that it asks Ferrari of Fort Lauderdale to produce a broad swath of information that is irrelevant to the discovery of his assets. He has standing to raise such a challenge through his request for a protective order. Consequently, the Court does not deny the Motion for lack of standing.

With respect to the second preliminary issue, Defendant argues that Plaintiff failed to give him adequate notice before serving the Ferrari subpoena on Ferrari of Fort Lauderdale. When a subpoena "commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Plaintiff sent notice of the Ferrari subpoena to two attorneys, Attorneys Berry and Shinder, by mail and email and to Defendant by mail at an address in Virginia. ECF No. 14 at 10–11.

Defendant contends that the Virginia address is not his residential address. But even if the Court were to accept that Plaintiff sent Defendant's notice to the wrong address, Plaintiff also sent

the notice to Attorneys Berry and Shinder. Those two attorneys remain Defendant's attorneys of record in this matter. Attorneys Berry and Shinder have not moved for or received leave to withdraw as attorneys of record. *See* S.D. Fla. L.R. 11.1(d)(3)(A) (providing that "no attorney shall withdraw the attorney's appearance in any action or proceeding except by leave of Court after notice served on the attorney's client and opposing counsel"). Plaintiff provided adequate notice of the Ferrari subpoena by sending notice to two of Defendant's attorneys of record. Thus, the Court does not grant the Motion for lack of notice.

Turning to the substance of the Ferrari subpoena, Defendant asserts that it asks for information going far beyond what could be used to discover his assets. The Court disagrees based on Defendant's demonstrated history of attempting to conceal his assets or otherwise render them unavailable to satisfy the judgment. As one example of this history, Plaintiff points to a lawsuit it initiated in 2019 against Defendant, his wife, and her father. *See Chase Bank USA, N.A. v. Jacucci*, 0:19-cv-62318-AHS (S.D. Fla.). In that lawsuit, Plaintiff alleged that Defendant fraudulently transferred funds to his wife, her father, and a trust account for the purpose of evading creditors. *Id.* at ECF No. 1 (complaint). The lawsuit resulted in a final judgment against Defendant's wife and the trust's trustee in the amount of $1,169,163.88 and against Defendant's wife's father in the amount of $228,800. *Id.* at ECF No. 174 (final judgment).

During this Court's September 14 hearing on the Motion, Plaintiff represented that it has discovered more than sixty entities associated with Defendant through which his assets may be concealed. Given Defendant's history, it is within the scope of post-judgment discovery for Plaintiff to subpoena records not just concerning assets it already has identified, but also records that could reveal the names of individuals and entities who may hold Defendant's assets or could reveal locations where his assets may be held. *See Fuller*, 2024 WL 3838521, at *2 (explaining

that a "judgment creditor must be given the freedom to make a broad inquiry to discover[] hidden or concealed assets of the judgment debtor" (quotation marks omitted)). The records sought through the Ferrari subpoena could contain such information. As the subpoenaed records are within the broad scope of post-judgment discovery, the Court will not quash the Ferrari subpoena or enter a protective order.

As a final matter, Defendant asks that any documents Ferrari of Fort Lauderdale produces be designated as confidential and used solely to enforce the judgment. During the September 14 hearing, Defendant acknowledged that he has not conferred with Plaintiff about confidentiality designations or the language of a proposed confidentiality order. Defendant's request with respect to confidentiality is denied without prejudice for the parties to engage in meaningful, good faith conferral. *See* S.D. Fla. L.R. 7.1(a)(3) (requiring pre-filing conferral).

## IV. Conclusion

Based on the foregoing, Defendant's Motion to Quash Subpoena or, in the Alternative, for Protective Order [ECF No. 14] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 16th day of September, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE